ELLIS, Judge.
Mrs. Odeal Blank slipped and fell while walking in a hallway in Our Lady of the Lake Hospital. She and Emile Blank, Jr., her husband, brought this suit for special damages and personal injuries suffered as a result thereof. From a judgment rejecting their demands, they have appealed.
Mrs. Blank did not know why she fell, but both she and the witness who helped her to her feet testified that the floor at that spot was damp. Mrs. Tullier, the head nurse on the floor, testified that there had been no mopping carried out in the hall for at least an hour prior to the fall. Although she went to speak to plaintiff im *263 mediately after the fall, Mrs. Tullier did not notice any wet or damp spot in the hall. Neither did the receptionist who sat in the window in the nurses’ station overlooking the hall where plaintiff fell. From these facts, we conclude, as did the district judge, that the floor was damp where plaintiff fell, but that the spot was of such a nature as to be not readily observable. There is no satisfactory explanation in the record as to how the damp spot came to be in the hall, or how long it had been there at the time of the accident.
There is testimony that the maids were waiting to mop the nurses’ station and that their equipment was in the hall near its entrance. Signs warning of a wet floor were among the equipment, but these were not displayed in such a manner to indicate a hazardous condition in the hall. The district judge concluded that the presence of the signs was unrelated to the accident, and we concur in this conclusion. Various theories advanced by plaintiff to account for the presence of the damp spot, based on the presence of the signs and the testimony of the cleaning personnel, are conjectural and not supported by a preponderance of the evidence.
Other testimony indicates that personnel from the nurses’ station are required to be in the hall, visiting the patients, at intervals of from five to fifteen minutes, and that they are instructed to be alert for hazardous conditions. The trial judge properly found these inspection procedures to be adequate.
In cases of this nature, the plaintiff bears the burden of proving that the defendant had actual or constructive knowledge of the hazardous condition for such a period of time that he could remove it or give adequate warning' of its existence. Levine v. Hartford Accident & Indemnity Company, 149 So.2d 433 (La.App. 3 Cir. 1963).
As pointed out above, plaintiff has failed to meet this burden of proof. In addition, the hospital has shown that its inspection procedures are adequate to protect against the prolonged existence of hazardous conditions. Since no negligence has been shown on the part of defendant, we need not consider the question of contributory negligence on the part of plaintiff.
The judgment appealed from is affirmed, at plaintiffs’ cost.
Affirmed.